**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Jerry Wayne DUNN, Defendant–Appellee.**

**No. 95–30172.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1996.

Decided April 9, 1996.

Lana C. Glenn, Spokane, Washington, for the defendant-appellant-cross-appellee.

Thomas O. Rice, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee-cross-appellant.

Before FLETCHER, NOONAN, and RYMER, Circuit Judges.

NOONAN, Circuit Judge:

In an unpublished memorandum disposition we affirm Jerry Wayne Dunn's conviction of two counts of illegal firearm possession and the conviction following his plea of guilty to one count of possessing methamphetamine; we also affirm his sentence. In this opinion we address the cross-appeal of the government to the sentence. Commentary adopted by the United States Sentencing Commission is challenged by the Department of Justice, which contends that it is contrary to the relevant statute. We find the government's argument unpersuasive and affirm the sentence.

## PROCEEDINGS

At Dunn's sentencing hearing the government objected to using the Amended Application Note 2, U.S.S.G. § 4B1.1, a Note added by Amendment Number 506 adopted by the Sentencing Commission in November 1994 with retroactive effect. *See* U.S.S.G. § 1B1.10(c) (Nov.1994). The Note reads:

"Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D)). For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for the purposes of this guideline is twenty years and not thirty years. If more than one count of conviction is of a crime of violence or controlled substance offense, use the maximum authorized term of imprisonment for the count that authorizes the greatest maximum term of imprisonment. U.S.S.G. § 4B1.1 note 2 (Nov.1994).

The government contended that the Note is in conflict with 28 U.S.C. § 994(h), which provides in part:

(h) The Commission shall assure that the guidelines specify a sentence to a term of

imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. §§ 952(a), 955, and 959), and the Maritime Drug Law Enforcement Act (46 U.S.C.App. § 1901 et seq.);

(2) has previously been convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. §§ 952(a), 955, and 959), and the Maritime Drug Law Enforcement Act (46 U.S.C.App. § 1901 et seq.). 28 U.S.C. § 994(h).

The argument advanced by the government was that "the maximum term authorized" included the enhancements Dunn could receive for his particular crimes.

On April 19, 1995, the district court rejected the government's argument and sentenced Dunn to 120 months following his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); to 60 months following his conviction of possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k); and, as a career offender, to 188 months following his plea of guilty to distributing methamphetamine within 1,000 feet of a public school in violation of 21 U.S.C. § 860(a). The 188 months is to run concurrently with the other two sentences.

The government now appeals, contending that under § 994(h) Dunn's sentence as a career offender should be in a range from 262 to 327 months or at least seven years longer than the sentence actually imposed.

## ANALYSIS

Virtually everything that could be said in analysis of this case has been said by Judge Selya writing for the majority and Judge Stahl dissenting in *United States v. LaBonte*, 70 F.3d 1396 (1st Cir.1995). We find Judge Selya's analysis more persuasive and refer to the history of the statute and the comprehensive treatment therein as confirmatory of our conclusion.

A key term in 28 U.S.C. § 994 is "categories." Categories are identified by the statute in terms of age, types of conviction, and number of convictions. Nothing more specific is indicated. The government's contention that "the maximum term authorized" for the specified categories includes the enhancements added to the particular offense of a particular defendant runs exactly counter to the broad classifications embraced by the statutory expression. An individual sentence is affected in a "labyrinthine way" by "a myriad of individualized adjustments." *La-Bonte*, 70 F.3d at 1409. The maximum term authorized for categories is not the term an individual defendant might receive.

"Category" is a word used elsewhere in this statute, 28 U.S.C. § 994(i), and it is a term used by Congress in the basic sentencing statute, 18 U.S.C. § 3553(a)(4). The contention of the dissent in *LaBonte* that the reference in § 994 to categories of defendants was a "linguistic accident or an awkward locution," *id.* at 1416, is not plausible in the light of this standard congressional usage. The term "category" identifies a class. *Id.* at 1407.

Congress goes on in § 994(h) to say that it is the Commission that "shall assure" that the Guidelines specify a sentence "to a term of imprisonment at or near the maximum term authorized for categories of defendants." Plainly the words "at or near" create a range in which the Commission is free to act. If Congress intended all sentences to be at the maximum it could have said so. Congress specified that it was for the Commission to determine by the Guidelines whether the term of imprisonment should be at the maximum or near it and to do so in terms of categories of defendants, not in

terms of enhancements for particular defendants.

In commentary added by the Commission in 1995 after it adopted Application Note 2 the Commission explained its reasoning:

> *Background:* Section 994(h) of Title 28, United States Code, mandates that the Commission assure that certain "career" offenders receive a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 implements this directive, with the definition of a career offender tracking in large part the criteria set forth in 28 U.S.C. § 994(h). However, in accord with its general guideline promulgation authority under 28 U.S.C. § 994(a)-(f), and its amendment authority under 28 U.S.C. § 994(*o*) and (p), the Commission has modified this definition in several respects to focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate and to avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct...." 28 U.S.C. § 991(b)(1)(B). The Commission's refinement of this definition over time is consistent with Congress's choice of a directive to the Commission rather than a mandatory minimum sentencing statute ("The [Senate Judiciary] Committee believes that such a directive to the Commission will be more effective; the guidelines development process can assure consistent and rational implementation for the Committee's view that substantial prison terms should be imposed on repeat violent offenders and repeat drug traffickers." S.Rep. No. 225, 98th Cong., 1st Sess. 175 (1983)).

The legislative history of this provision suggests that the phrase "maximum term authorized" should be construed as the maximum term authorized by statute. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 175 (1983); 128 Cong. Rec. 26, 511–12 (1982) (text of "Career Criminals" amendment by Senator Kennedy); *id.* at 26,515 (brief summary of amendment); *id.* at 26,517–18 (statement of Senator Kennedy). U.S.S.G. § 4B1.1 comment (Nov.1995).

Application Note 2, added to § 4B1.1 of the Guidelines, accurately carries out the intention of Congress. It is not for the Department of Justice nor for this court to deny the Commission's carrying out of its statutory function in this way. *See Stinson v. United States,* 508 U.S. 36, 44–46, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993).

**AFFIRMED.**

RYMER, Circuit Judge, dissenting:

I would reverse for the reasons stated by Judge Stahl in his dissenting opinion in *United States v. LaBonte,* 70 F.3d 1396, 1414–20 (1st Cir.1995) (Stahl, J., dissenting in part).