**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Curtis TOWNSEND, a/k/a Curtis Andre**
**Townsend, Defendant–Appellant.**

No. 95–50081.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 1996.

Decided Oct. 22, 1996.

John B. Routsis, Reno, NV, for defendant-appellant.

Bruce Riordan, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

PER CURIAM:

Curtis Townsend appeals from the district court's denial of his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction, 18 U.S.C. § 3742(a), and we affirm.

I

On August 10, 1992, Curtis Townsend pled guilty pursuant to a plea agreement to one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). The probation officer calculated Townsend's initial offense level at 24. Due to Townsend's undisputed status as a career offender, the probation officer then applied U.S.S.G. § 4B1.1, which provides for an increase in a career criminal's offense level based on the "offense statutory maximum" for the offense of conviction. At the time that Townsend was sentenced, § 4B1.1 defined the term "offense statutory maximum" as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." U.S.S.G. § 4B1.1, comment. (n. 2) (1992). The maximum term of imprisonment for conviction of unarmed bank rob-

bery in violation of 18 U.S.C. § 2113(a) is twenty years, a term which carries an offense level of 32. Townsend also received a two-level reduction for acceptance of responsibility, bringing his offense level to 30. Townsend's Sentencing Guideline range was 168 to 210 months in prison, and the court sentenced him to 168 months, to be followed by three years of supervised release.

Two years later, the Sentencing Commission amended the definition of "offense statutory maximum." *See* U.S.S.G. Amendment 506 (1994). Under the new definition, "offense statutory maximum" refers to "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record . . . ." U.S.S.G. § 4B1.1, comment. (n. 2) (1995). The amendment applies retroactively. U.S.S.G. § 1B1.10 (1995); *United States v. Dunn,* 80 F.3d 402, 403 (9th Cir.1996).

Townsend moved pro se for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).[1] The district court denied the motion without an evidentiary hearing. Townsend timely appeals, contending that (1) the district court should have appointed counsel to assist Townsend with the motion; and (2) the district court erred in denying the motion and failing to hold an evidentiary hearing.

## II

■ Because the decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge, *United States v. Cueto,* 9 F.3d 1438, 1440 (9th Cir. 1993), we review the denial of a § 3582 motion for abuse of discretion, *United States v. Whitebird,* 55 F.3d 1007, 1009 (5th Cir.1995). Whether a defendant was denied his Sixth Amendment right to counsel is a question of

law reviewed de novo. *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir.1994) (citations omitted).

## III

Townsend contends that the district court should have appointed counsel to assist him with his § 3582(c)(2) motion. We disagree.

### A

■ Townsend refers us to the rule that a defendant is entitled to appointed counsel if an evidentiary hearing is required in relation to a 28 U.S.C. § 2255 proceeding. Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. foll. § 2255; *see also United States v. Duarte–Higareda,* 68 F.3d 369, 370 (9th Cir.1995) (noting that "[a]ll of the circuits that have discussed the issue agree that [Rule 8(c) ] makes the appointment of counsel mandatory when evidentiary hearings are required"). The rules governing § 2255 are not applicable to Townsend, however. Townsend did not, and could not, bring his motion under § 2255. *Hamilton v. United States,* 67 F.3d 761, 764 (9th Cir. 1995). In addition, and as an alternative holding, even if Rule 8(c) were applicable, it would not support Townsend's argument. Rule 8(c) provides for counsel only where an evidentiary hearing is required and, as we explain below, no such hearing was required in this case.

### B

■ Construed liberally, Townsend's brief may also be read as arguing that he has a right to counsel under the Sixth Amendment. Whether a defendant has a Sixth Amendment right to counsel when bringing a § 3582(c) motion is a question of first impression in this circuit. The Fifth Circuit, however, has concluded that no Sixth Amendment right to counsel attaches, *Whitebird,* 55 F.3d

---

1. Section 3582(c)(2) provides:

    [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of

    Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

at 1011, and we agree. As our colleagues in the Fifth Circuit explained, "the Supreme Court has held in similar circumstances that the constitutional right to counsel extends only through the defendant's first appeal. After that, the decision whether to appoint counsel rests in the discretion of the district court." *Id.* (footnote and citations omitted). Townsend's conviction is final. He appealed from neither his conviction nor his sentence. His attempt to characterize his § 3582(c) motion as a means for resentencing, bringing with it all of the rights that attach to the original sentencing, fails. His § 3582(c) motion is "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the Guidelines." *Id.* As such, it does not entitle Townsend to appointed counsel.

## IV

Townsend contends that the district court erred in denying his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and in failing to hold an evidentiary hearing on that motion. We disagree.

Under § 3582(c)(2), the district court may reduce a defendant's term of imprisonment if the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, provided that the court considers the relevant factors enumerated in § 3553(a) and provided that the reduction is consistent with applicable Sentencing Guidelines policy statements. 18 U.S.C. § 3582(c)(2). Townsend moved for a reduced sentence on the ground that Amendment 506 to the Sentencing Guidelines, which redefines the term "offense statutory maximum," as used in U.S.S.G. § 4B1.1, applies retroactively to his sentence. It is true that Amendment 506 is retroactive and that, if the amendment lowers the guideline range under which Townsend was sentenced, the district court may, in its discretion, reduce Townsend's term of imprisonment. U.S.S.G. § 1B1.10. The problem is that Amendment 506 does not alter Townsend's sentencing range.

Prior to the amendment, the term "offense statutory maximum" referred to "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." U.S.S.G. § 4B1.1, comment. (n. 2) (1992). Townsend was convicted of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). The maximum term of imprisonment authorized under § 2113(a) is twenty years. 18 U.S.C. § 2113(a). Amendment 506 changed the definition of "offense statutory maximum" to refer to "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, *not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record....*" U.S.S.G. § 4B1.1, comment. (n. 2) (1995) (emphasis added). Section 2113(a) does not provide for any sentencing enhancements due to a defendant's prior criminal record. Accordingly, Amendment 506 has no effect on the offense statutory maximum: The maximum sentence is twenty years, just as it was prior to the amendment.

Because Amendment 506 has no effect on Townsend's sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)(2). Moreover, because it was clear from the existing record that Amendment 506 does not apply to Townsend, the district court did not abuse its discretion in failing to hold an evidentiary hearing.

## V

Finally, Townsend appears to argue that an unwarranted disparity exists between his sentence and that of his co-defendant. "[D]isparity in sentencing among co-defendants is not, by itself, a sufficient ground for attacking an otherwise proper sentence under the guidelines." *United States v. Taylor,* 991 F.2d 533, 536 (9th Cir.) (citations and internal quotations omitted), *cert. denied,* 510 U.S. 858, 114 S.Ct. 170, 126 L.Ed.2d 129 (1993).

AFFIRMED.