110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Russell YEOMANS, Defendant-Appellant.
 No. 96-35511.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Russell Yeomans appeals the denial of his 18 U.S.C. § 3582 motion to reduce his 240-month sentence pursuant to Amendment 484 of the Sentencing Guidelines. Yeomans contends that the district court erred by refusing to reduce his sentence pursuant to Amendment 484 to the Sentencing Guidelines, and by finding that he was a career offender. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for an abuse of discretion, See United States v. Townsend, 98 F.3d 510, 512 (9th Cir.1996) (per curiam), and we affirm.
 
 
 3
 Yeomans contends that Amendment 484 of the guidelines requires the district court to reduce his sentence based on the weight of actual methamphetamine found in his lab, instead of using the aggregate weight of methamphetamine mixtures recovered from his lab. We disagree.
 
 
 4
 Section 3582 allows the district court, in its discretion, to reduce a defendant's sentence when his sentence was based on a guideline range that was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582. Prior to reducing a defendant's sentence, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a), and determine that the reduction is consistent with Sentencing Guidelines policy statements. See Townsend, 98 F.3d at 513. Amendment 484 provides that a "mixture or substance" does not include material that must be separated from the controlled substance before the controlled substance can be used. See U.S.S.G. § 2D1.1, comment. (n. 1) (Nov. 1995).
 
 
 5
 Here, the district court determined, after considering the factors in section 3553(a), that Yeomans was not entitled to a sentence reduction under Amendment 484, because of his long history of drug offenses. See 18 U.S.C. § 3553(a)(1). Because the district court complied with 18 U.S.C. § 3582 and considered all relevant factors under section 3553, it did not abuse its discretion by denying Yeoman's motion. See Townsend, 98 F.3d at 513.
 
 
 6
 Yeomans also contends that the district court erred by determining that he was a career offender under U.S.S.G. § 4B1.1, without holding a hearing. We disagree.
 
 
 7
 The district court's reference to the career offender guideline simply pointed out that Yeomans qualified as a career offender, according to the definition set out in U.S.S.G. § 4B1.1. However, Yeomans's sentence was never enhanced under the career offender guideline because his sentencing guideline range based on his offense level and criminal history exceeded the statutory maximum sentence. Thus, Yeoman's claim fails.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court filed a minute order denying Yeomans's motion to reconsider on April 18, 1996. Yeomans mailed his notice of appeal on April 25, 1996. Nevertheless, the notice of appeal was not filed until April 29, 1996, one day after the deadline. Because Yeomans's certificate of service states that he deposited his appeal in the United States mail on April 25, 1996, we deem his appeal timely file pursuant to Koch v. Ricketts, 68 F.3d 1191, 1192-93 (9th Cir.1995)