131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick STERLING, Defendant-Appellant.
 No. 96-36188.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the District of Alaska James K. Singleton, Chief Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Patrick Sterling appeals pro se the district court's denial of his 18 U.S.C. § 3582(c) motion to reduce his sentence following his jury trial conviction for two counts of distribution of cocaine (21 U.S.C. § 841(a)(1)) and one count of conspiracy to distribute cocaine (21 U.S.C. § 846). We have jurisdiction under 18 U.S.C. § 3742(a). We review for abuse of discretion, see United States v. Townsend, 98 F.3d 510, 512 (9th Cir.1996) (per curiam), and affirm.
 
 
 3
 Sterling contends that Amendment 439 of the Sentencing Guidelines should be applied retroactively to reduce his sentence. We disagree because even if Amendment 439 applied retroactively, it would have no effect on Sterling's sentence. See United States v. Johnson, 956 F.2d 894, 906 (9th Cir.1992) (recognizing prior to Amendment 439 that under section 1B1.3 a co-conspirator could not be held liable for conduct that "was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake").[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Even if we could construe Sterling's section 3582(c)(2) motion as a 28 U.S.C. § 2255 petition, the result would be the same