UNITED STATES of America, Plaintiff–Appellee,

v.

Corey Keith WOODARD, Defendant–Appellant.

No. 98–30045.

United States Court of Appeals, Ninth Circuit.

Submitted March 2, 1999. *

Decided April 8, 1999.

John E. Storkel, Storkel & Grefenson, Salem, Oregon, for the defendant-appellant.

Michael J. Brown, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: KLEINFELD and HAWKINS, Circuit Judges, and SCHWARZER,** Senior District Judge

SCHWARZER, Senior District Judge:

Woodard appeals from the judgment after his conviction of distribution and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and illegal possession of a firearm, 18 U.S.C. § 922(g)(1). The district court sentenced defendant under the Career Offender Guideline, U.S.S.G.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and 9th Cir. R. 34–4(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

§ 4B1.1, to concurrent terms of thirty years on each count of conviction.

## I.

▮Defendant raises a number of issues on this appeal,[1] the principal one being that the district court erred in determining the "offense statutory maximum" under Guideline § 4B1.1 by reference to the sentence *after* enhancement on account of his prior felony convictions. He contends that the court should instead have applied the definition of "offense statutory maximum" adopted in Amendment 506 of that Guideline. Application Note 2, as amended by Amendment 506, effective November 1, 1994, defined "offense statutory maximum" as the statutory maximum term of imprisonment *before* application of sentencing enhancement under the applicable statute. In 1997, the Supreme Court invalidated this amendment as being in conflict with the underlying career offender statute, 28 U.S.C. § 994(h), under which the "maximum term authorized" is to be determined *after* taking into account sentencing enhancements. *United States v. LaBonte*, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997).

Because defendant committed the offense of conviction in December 1995 when Amendment 506 was still in effect, he argues that *LaBonte* should not be applied retroactively. This contention was rejected in *United States v. Rice*, 116 F.3d 267 (7th Cir.1997). We also reject the argument. The Seventh Circuit characterized Amendment 506 as merely an interpretive note to a Guideline and not "law." Under the law of the Seventh Circuit at the time of the offense, § 994(h) was interpreted as in *LaBonte*. Similarly, this circuit had, before commission of defendant's offense, expressly approved application of the career offender guideline to a sentence after enhancement. *United States v. Sanchez–Lopez*, 879 F.2d 541, 558–59 (9th Cir.1989).

And although *Sanchez–Lopez* did not specifically address the statutory interpretation issue under § 994(h), it rested on the assumption that the career offender guideline applied to the maximum sentence after enhancement. *See also United States v. Ruiz*, 935 F.2d 1033, 1036 (9th Cir.1991), holding no due process violation where defendant is sentenced on the basis of guidelines which were not in effect at the time of the offense. The statutory interpretation issue did come before this court in *United States v. Dunn*, 80 F.3d 402 (9th Cir.1996), which approved the interpretation adopted in Amendment 506, but that decision followed the First Circuit's decision in *LaBonte*. *See* 70 F.3d 1396 (1st Cir.1995). Because that decision was reversed by the Supreme Court, *Dunn* no longer has force in the circuit.

## II.

Defendant also contends that the two prior drug offenses and the drive-by shooting offense should have been counted as a single offense for purposes of the career offender guideline because all resulted from a single scheme or plan. The district court assumed that the two prior drug offenses were related and counted them as one. It then sentenced defendant as a career offender based upon the prior related drug offenses *and* one prior crime of violence.

▮We agree with other circuits that have considered the treatment of prior convictions for purposes of sentencing enhancement—that convictions resulting from acts forming a single criminal episode should be treated as a single conviction for sentence enhancement. *See United States v. Rice*, 43 F.3d 601, 605 (11th Cir.1995) (citing cases); *see also United States v. Maxey*, 989 F.2d 303, 305–07 (9th Cir.1993) (the fact that an ongoing course of criminal conduct involves related criminal episodes

---

**1.** We address defendant's other grounds of appeal in a separate memorandum disposition.

does not render them a single criminal episode). Because the question whether prior convictions were related for purposes of sentencing enhancement involves a factual inquiry, we review the district court's decision for clear error. *See Rice,* 43 F.3d at 606. Defendant has come forward with no facts to suggest that clear error was committed.

The judgment is AFFIRMED.