**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kimberly Nichol EDWARDS,**
**Defendant—Appellant.**

No. 01–50503.

D.C. No. CR–95–00072–5–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 17, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM**

Kimberly Nichol Edwards, a federal prisoner, appeals pro se the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for reduction of her 138–month sentence for aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and aiding and abetting use and carrying of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for abuse of discretion, *United States v. Townsend,* 98

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We reject the government's contention that Edwards' Notice of Appeal was untimely. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct.

2379, 101 L.Ed.2d 245 (1988) (ruling that a notice of appeal is deemed filed at the time prisoner delivers it to prison authorities for mailing). We also reject the government's contention that this court does not have jurisdiction to hear the appeal. *See United States v. Lowe,* 136 F.3d 1231 (9th Cir.1998) (making a distinction between appeals that raise a legal question and those questioning the district court's exercise of discretion).

F.3d 510, 512 (9th Cir.1996) (per curiam), and we affirm.

Edwards contends that Amendment 591 to the United States Sentencing Guidelines entitles her to a sentence reduction, because her sentence was enhanced based upon uncharged conduct. However, Amendment 591 by its terms does not affect the court's ability to apply sentence enhancements based on uncharged relevant conduct; it only affects the selection of base offense level guidelines. *See* U.S.S.G. Amendment 591 (2000). Edwards does not contend that her base offense level was incorrect. Accordingly, the district court properly denied her motion. *See Townsend,* 98 F.3d at 513.[2]

**AFFIRMED.**

---

2. Edwards' "Motion to File Opening Brief As Is" is granted.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hernandez's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.