**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry Donnell BOGARD, Defendant–**
**Appellant.**

No. 04–50018.
D.C. No. CR–91–777–WDK.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Kevin Scott Rosenberg, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM**

Larry Donnell Bogard appeals the district court's denial of his motion to recon-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sider the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the 360–month sentence imposed following his conviction for distribution of PCP and possession with intent to distribute.

The filing of Bogard's motion to reconsider did not toll the running of the appeal period from the district court's denial of the § 3582 motion. *See e.g., Scott v. Younger,* 739 F.2d 1464, 1467 (9th Cir.1984). Bogard did, however, timely appeal the district court's denial of his motion to reconsider. The scope of our review is, therefore, limited to the district court's denial of Bogard's motion for reconsideration. *See Id.*

We review for an abuse of discretion the denial of a motion for reconsideration, *see United States v. Hobbs,* 31 F.3d 918, 923 (9th Cir.1994), and we affirm.

Bogard moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c), which allows the district court to reduce a defendant's term of imprisonment if the sentence was based on a sentencing range that has subsequently been lowered. Bogard's motion was based on a 1995 amendment to the Sentencing Guidelines, Amendment 518, which specified that the "agreed upon quantity" shall be used to determine the base offense level *"unless* the sale is completed and the *actual amount* delivered more accurately reflects the scale of the offense." U.S.S.G. App. C, Amend. 518 (2003) (emphasis added).

Bogard's motion to reconsider raised the same issue regarding the effect of Amendment 518 on his sentence. Because Bogard's sentence was based, not on an agreed upon amount, but on the "actual amount delivered," Amendment 518 has no effect on Bogard's sentencing range, and the district court did not err in denying his motion to reconsider. *See United States v. Townsend,* 98 F.3d 510, 513 (9th Cir.1996). On appeal, Bogard contends that the dis-

trict court erroneously included waste material in its calculation of the actual amount of PCP Bogard sold. This may be true, but Amendment 518 is not concerned with the district court's method of calculating the amount of drugs delivered, and we must reject Bogard's contention as inapposite to the purpose and effect of Amendment 518.

Likewise, because it was clear from the record that Amendment 518 did not apply, the district court did not err in failing to hold an evidentiary hearing or appointing an expert chemist. *See Townsend,* 98 F.3d at 513. Finally, as a § 3582 motion is "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give them the benefits of an amendment to the Guidelines," Bogard was not entitled to appointed counsel. *See id.*

**AFFIRMED.**