**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30008 |
| Plaintiff - Appellee, | D.C. No. 2:90-cr-00323-BJR |
| v. | |
| URIEL CASTANEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted August 23, 2010[**]

Before:     LEAVY, HAWKINS, and THOMAS, Circuit Judges.

   Uriel Castaneda appeals pro se from the district court's order denying his

18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Castaneda contends he is entitled to a sentence reduction based on Sentencing Guideline Amendment 484, which clarified that the attributable drug quantity under U.S.S.G. § 2D1.1 did not include any substance that had to be removed before the drugs were usable. The district court properly denied the motion because Castaneda's "sentence is not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' as required by § 3582(c)(2)." *See United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)); *see also United States v. Sprague*, 135 F.3d 1301, 1306-07. (9th Cir. 1998) (finding that it is the movant's burden to show that the retroactive amendment is applicable to the challenged sentence and that, under Amendment 484, he or she must show, by a preponderance of the evidence, that "the mixture or substance used in sentencing contained materials that must be separated to render the controlled substance useable.").

With respect to Castaneda's argument that the district court denied the motion by erroneously changing the drug amounts used in calculating his sentence, the record reflects that the district court used the same base offense level that applied when it imposed the original sentence, and that any discrepancy was inadvertent. Accordingly, this argument lacks merit.

Finally, because the record is devoid of any evidence that the drugs used in calculating Castaneda's sentence contained an unusable substance that had to be removed prior to consumption, the district court did not abuse its discretion in failing to hold an evidentiary hearing. *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).

**AFFIRMED.**