**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30161 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00191-RSM |
| v. | |
| JOSEPH LAMAR JOHNSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Joseph Lamar Johnson appeals pro se from the district court's denial of his

motion to reduce his 30-month sentence pursuant to 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Johnson contends that the district court should have reduced his sentence under 18 U.S.C. § 3582(c) because his counsel rendered ineffective assistance by allowing him to be sentenced before the effective date of Amendment 742 of the United States Sentencing Guidelines, which eliminated the "recency points" provision of former U.S.S.G. § 4A1.1(e). The record reflects that no recency points under former section 4A1.1(e) were included in Johnson's criminal history calculation. Accordingly, even if a claim of ineffective assistance could support a reduction in sentence, Johnson has not established that he is entitled to relief under *Strickland v. Washington*, 466 U.S. 668 (1984), and the district court did not abuse its discretion in denying Johnson's motion. *See United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996) (per curiam).

**AFFIRMED.**