**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30242 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-00067-EJL |
| v. | |
| CAMERON SCOTT GRIFFIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 24, 2016[**]

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Cameron Scott Griffin appeals pro se from the district court's order granting

in part his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and

denying his petitions for a writ of error coram nobis. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Griffin first alleges that the district court violated its general orders when it refused to appoint new counsel for him after his public defender withdrew from the case. We disagree. There is no right to counsel in section 3582(c)(2) proceedings, *see United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996), and the district court did not abuse its discretion in declining to appoint substitute counsel. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

Griffin next contends that the district court erred by calculating the amended Guidelines range without making a finding regarding drug type and quantity. The record reflects, however, that the court properly relied upon the drug type and quantity calculated at Griffin's initial sentencing. *See* U.S.S.G. § 1B1.10(a)(3), (b)(1); *Dillon v. United States*, 560 U.S. 817, 831 (2010).

Griffin next argues that the district court erred in declining to hold an evidentiary hearing on whether an informal immunity agreement existed. We reject this claim because the issue of whether Griffin's criminal conduct was immunized is not cognizable in a section 3582(c)(2) proceeding. *See Dillon,* 560 U.S. at 825-26; *see also Townsend*, 98 F.3d at 513 (the district court has discretion to decline to hold an evidentiary hearing on a section 3582 motion). For the same reason, the court properly denied Griffin's motion for confession of judgment

relating to the alleged immunity agreement.

Griffin next asserts various challenges to the district court's treatment of his mitigating arguments, including its reliance on facts contained in the presentence report. The record reflects that the district court carefully considered all of Griffin's mitigating arguments in granting a 33-month reduction in his sentence. Even assuming that the court could entertain Griffin's challenges to the presentence report at this stage, it gave them due consideration and rejected them.

Finally, Griffin argues that the district court erred by denying his petitions for a writ of error coram nobis. Reviewing de novo, *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), we find no error. Griffin cannot show that a more usual remedy is unavailable to attack his conviction. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (coram nobis relief is inappropriate for those who are in custody even if § 2255 relief is technically unavailable).

**AFFIRMED.**

15-30242