FILED

NOT FOR PUBLICATION

NOV 17 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10094 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-01844-JGZ |
| v. |  |
| MARIO GONZALEZ, a.k.a. Payaso, | MEMORANDUM[*] |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted November 15, 2017[**]

Before:      CANBY, TROTT, and GRABER, Circuit Judges.

Mario Gonzalez appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2) following remand.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez contends that the district court erred by rejecting his motion and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the parties' joint stipulation for a six-month reduction simultaneously. He argues that, once the court decided to reject the stipulation, it should have allowed him to submit further briefing before deciding the motion. Even if Gonzalez were correct that he should have been permitted to withdraw from the stipulation, his claim fails. Gonzalez cites no authority requiring a district court to allow argument on a section 3582(c)(2) motion. To the contrary, the district court has broad discretion to decide how to adjudicate a section 3582(c)(2) proceeding. *See United States v. Mercado-Moreno*, 869 F.3d 942, 954 (9th Cir. 2017). Gonzalez's reliance on cases involving the right to allocute at sentencing is misplaced because a section 3582(c)(2) proceeding is not a plenary resentencing. *See Dillon v. United States*, 560 U.S. 817, 825-26, 830 (2010).

We also reject Gonzalez's contention that the district court erred by denying as moot his motion for appointment of counsel. Gonzalez had no Sixth Amendment right to counsel when bringing his section 3582 motion. *See United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996). Nevertheless, he was appointed counsel under former Arizona District Court General Order 15-13, and that counsel joined in the stipulation. Gonzalez points to no authority to show that the court was required, by due process or otherwise, to appoint him new counsel on remand.

**AFFIRMED.**