NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30156 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00246-RSL |
| v. | |
| RODERICK EARL VANGA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Roderick Earl Vanga appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to resentence a defendant under section 3582(c)(2), *see United States*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Vanga contends that the district court erred by denying his motion for a sentence reduction and by failing to address his requests for appointment of counsel. The district court correctly concluded that Vanga is ineligible for a sentence reduction because his sentence is already below the minimum of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Moreover, Vanga was not entitled to counsel, *see United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996), and given Vanga's ineligibility for a reduction, the court did not err in failing to appoint counsel.

To the extent that Vanga seeks to challenge his indictment, conviction or the sentencing court's original calculation of his Guidelines range, these claims are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 826, 831 (2010) (alleged errors committed at the original sentencing hearing cannot be corrected under section 3582(c)(2), which does not permit a plenary resentencing proceeding). Likewise, Vanga's contention that his medical problems and alleged sentencing disparities entitled him to a sentence reduction under 18 U.S.C. § 3553(a) is unavailing. *See id.* at 826 (court only considers whether a reduction is warranted under section 3553(a) if it first concludes that a

reduction is authorized under U.S.S.G. § 1B1.10).  Finally, the district court did not err in concluding that, because the Director of the Bureau of Prison had not moved for a compassionate sentence reduction in Vanga's case, it lacked authority to grant such a reduction.  *See* 18 U.S.C. § 3582(c)(1)(A).

**AFFIRMED.**