NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JOSE ALBERTO ABUNDIZ, Defendant-Appellant. | No. 20-30171 D.C. No. 1:16-cr-02066-RMP-1 MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Jose Alberto Abundiz appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and his

motion for appointment of counsel.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

As an initial matter, the government contends that venue was improper in the district court. We disagree. In light of Abundiz's pro se status and the arguments raised in his motion, the court permissibly construed his motion as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Accordingly, his motion was properly filed in the Eastern District of Washington, where he was sentenced.

We also conclude that the court did not err by denying Abundiz's motion to appoint counsel. Abundiz does not have a Sixth Amendment right to counsel on a § 3582(c) motion, *see United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996), and the district court reasonably denied appointment given the nature and brevity of Abundiz's request.

Turning to the merits of his motion, Abundiz contends that the district court erred by treating U.S.S.G. § 1B1.13 as an applicable policy statement and abused its discretion in concluding that the 18 U.S.C. § 3553(a) factors did not support relief. We need not reach the § 1B1.13 question because the court did not abuse its discretion in denying Abundiz's motion under § 3553(a), which provides an independent basis to affirm. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). The record reflects that the court considered Abundiz's medical condition and arguments for release, but reasonably concluded that the § 3553(a) factors, including Abundiz's history and characteristics and the need for deterrence, did not warrant compassionate release.

Finally, the district court did not err by denying Abundiz's motion with prejudice. Contrary to Abundiz's assertion, the denial with prejudice does not preclude him from filing another motion under § 3582(c)(1)(A) should his circumstances change.

**AFFIRMED.**