**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50130 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-00847-ABC-TJH-2 |
| v. | |
| BOBBY THOMPSON, AKA Seal B, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted February 15, 2022[**]

Before:   FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Bobby Thompson appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We need not address the government's contention that the district court

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

should have dismissed Thompson's motion as unexhausted. Any error in addressing the motion on the merits was harmless because the district court reasonably denied the motion on other grounds. *See United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021).

Thompson contends that the district court erred by failing to consider his arguments for release and instead relying only on the government's contentions. The record reflects that the district court considered Thompson's claims and adequately explained that, even if Thompson had demonstrated extraordinary and compelling reasons, it would not grant relief in light of the 18 U.S.C. § 3553(a) sentencing factors, particularly the seriousness of Thompson's offenses. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018). Moreover, its conclusion that the § 3553(a) factors weighed against release was not an abuse of discretion. *See Keller*, 2 F.4th at 1281, 1284 (9th Cir. 2021).

To the extent Thompson claims that he was entitled to appointment of counsel for his compassionate release motion, his claim is unavailing. *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).

**AFFIRMED.**

21-50130