**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30154 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00005-SLG-DMS-5 |
| v. | |
| MURVILLE LAVELLE LAMPKIN, AKA Lamar, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted February 15, 2022**

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Murville Lavelle Lampkin appeals from the district court's orders denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and his

subsequent motion for reconsideration.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for abuse of discretion, *see United States v. Keller*, 2 F.4th

___

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1278, 1281 (9th Cir. 2021), and we affirm.

Lampkin contends that the district court erred by failing to recognize the gravity of his medical conditions in light of the COVID-19 pandemic and by concluding that the 18 U.S.C. § 3553(a) factors weighed against relief. Contrary to Lampkin's first argument, the district court considered Lampkin's circumstances and reasonably concluded that his medical conditions did not rise to the level of extraordinary and compelling reasons warranting release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Moreover, the district court did not rely on any clearly erroneous facts in reaching this conclusion. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record."). The district court also did not abuse its discretion in concluding that release was unwarranted in light of the § 3553(a) sentencing factors, including the nature and circumstances of the offense and Lampkin's criminal history. *See Keller*, 2 F.4th at 1284. Finally, the court's decision to deny relief under the § 3553(a) factors was not, as Lampkin advances, inconsistent with the court's previous comments that the mandatory minimum sentence was "wrong."

The district court did not abuse its discretion by declining to hold an evidentiary hearing because, as the district court observed, the evidence Lampkin sought to develop would not have affected the court's decision. *See United States*

*v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).

**AFFIRMED.**