**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10359 |
| Plaintiff-Appellee, | D.C. No. 1:06-cr-00080-SOM-BMK-2 |
| v. | |
| RODNEY JOSEPH, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted August 17, 2022**

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Rodney Joseph, Jr., appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Joseph challenges the district court's factual findings and conclusion that he

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to demonstrate extraordinary and compelling reasons for compassionate release. However, Joseph has not shown that any of the court's factual findings was clearly erroneous or that the court abused its discretion by denying relief. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (stating standard of review). The court considered Joseph's medical conditions and the risks posed by COVID-19, but reasonably denied relief based on Joseph's age, the low incidence of infection and high rate of vaccination at his facility, his decision to decline vaccination, and his "statutorily mandated life sentence for crimes of violence."

Joseph's argument that he was denied effective assistance of counsel at the hearing on his motion for compassionate release is also unavailing. Because there is no Sixth Amendment right to counsel for a § 3582(c) motion, *see United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996), Joseph cannot state a claim for ineffective assistance, *see Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991).

We do not consider arguments and evidence asserted by Joseph on appeal that he did not raise before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Joseph remains free to raise those arguments in any subsequent compassionate release motion before the district court.

**AFFIRMED.**

21-10359