**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10173 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00514-JMS-3 |
| v. | |
| SHEREASE ANTIONETTE LATIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Sherease Antionette Latin appeals from the district court's order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Latin's request for oral argument is, therefore, denied.

The district court concluded that, even if Latin had shown extraordinary and compelling circumstances, the 18 U.S.C. § 3553(a) factors did not support relief. Latin argues that the district court abused its discretion in reaching this conclusion because: she was only a minor participant in the drug conspiracy and her conduct was non-violent, her criminal history is overstated, she needs only a five-year sentence to be rehabilitated, she has made positive changes in her life and will not recidivate, and there is a need to correct the disparity between her sentence and those of other defendants. The district court did not abuse its discretion in concluding that, notwithstanding Latin's mitigating factors, reducing her sentence would "severely undermine the goals of sentencing" given her offense conduct and "significant and troubling" criminal history. *See Keller*, 2 F.4th at 1284; *see also United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

In light of this conclusion, we need not consider Latin's arguments concerning the district court's analysis of her asserted extraordinary and compelling circumstances. *See United States v. Wright*, 46 F.4th 938, 948 (9th Cir. 2022) (any error in the district court's extraordinary and compelling analysis is harmless "if the court properly relied on the 18 U.S.C. § 3553(a) sentencing factors as an alternative basis for its holding").

Latin's claim that the district court erred by failing to appoint counsel is unavailing because Latin does not have a Sixth Amendment right to counsel when filing a motion under § 3582(c). *See United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996). Moreover, as Latin acknowledges, the Federal Public Defender's office reviewed her file for possible representation but declined appointment.

Finally, Latin argues that the district court erred by deciding her motion prior to receiving her reply to the government's opposition. Even if the court erred, however, Latin cannot show she was prejudiced because the court reviewed her supplemental filings and concluded they did not change its conclusion that she was not entitled to compassionate release.

**AFFIRMED.**