**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-420 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00317-TLN-AC-1 Eastern District of California, Sacramento |
| v. | |
| MICHAEL ANTHONY HOLMES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 14, 2023[**]

Before:     SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Michael Anthony Holmes appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Holmes contends that the district court ignored "voluminous" evidence of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his rehabilitation, failed to consider the totality of his arguments for release, and gave too much weight to his prison disciplinary record. He further asserts that the court effectively treated U.S.S.G. § 1B1.13 as binding by adopting the government's guideline-based arguments. The record does not support Holmes's contentions. The court considered all of Holmes's arguments for release and specifically commended his rehabilitative efforts. It concluded, however, that other factors—including, but not limited to, Holmes's disciplinary violations— demonstrated that he lacked extraordinary and compelling reasons for release. In so doing, the court properly treated § 1B1.13 as "persuasive authority." *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (although § 1B1.13 is not binding, it may "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant"). On this record, the court did not abuse its discretion in its extraordinary and compelling analysis, nor did it abuse its discretion in concluding that the 18 U.S.C. § 3553(a) factors also did not support relief. *See United States v. Wright*, 46 F.4th 938, 944, 948 (9th Cir. 2022).

Holmes also argues that the district court erred by failing to appoint counsel. He did not ask the court to appoint counsel, however, and he was not entitled to counsel in these proceedings. *See United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996).

**AFFIRMED.**