UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas James LOWE, aka Thomas
Edward Blake, Defendant–
Appellant.

No. 96–50397.

United States Court of Appeals,
Ninth Circuit.

Argued and Submission deferred
June 4, 1997.

Resubmitted June 16, 1997.

Decided Feb. 18, 1998.

Joan Kerry Bader and Stephen R. Scar-
borough, Federal Defenders of San Diego,
Inc., San Diego, CA, for defendant–appellant.

Roger W. Haines, Jr., Asst. U.S. Atty., San
Diego, CA, for plaintiff–appellee.

Before: HUG, Chief Judge, and
FERNANDEZ and RYMER, Circuit
Judges.

HUG, Chief Judge:

Appellant Thomas Lowe pled guilty and
was convicted of conspiracy to manufacture
marijuana in violation of 21 U.S.C. §§ 841
and 846. He appeals the district court's
denial of his 18 U.S.C. § 3582(c) motion for
modification of his 87–month sentence, which
motion he made after the Sentencing Com-
mission amended the Sentencing Guideline
under which he was sentenced, U.S.S.G.
§ 2D1.1(c). We conclude that we lack juris-
diction over this appeal, and we therefore
dismiss the appeal.

I.

Pursuant to a written plea agreement with
the Government, Lowe pled guilty to conspir-
acy to manufacture and distribute marijuana,
in violation of 21 U.S.C. §§ 846 and 841(a)(1),
and to two counts of manufacturing marijua-
na, in violation of 21 U.S.C. § 841(a)(1). As
part of the plea agreement, Lowe accepted
responsibility for growing 1,317 marijuana
plants. Lowe was sentenced under U.S.S.G.
§ 2D1.1(c), which provided:

> In the case of an offense involving marijua-
> na plants, if the offense involved (A) 50 or
> more marijuana plants, treat each plant as
> equivalent to 1 KG of marijuana; (B) fewer
> than 50 marijuana plants, treat each plant
> as equivalent to 100 G of marijuana.

Under this guideline, Lowe would be penalized for growing the equivalent of 1,317 kilograms of marijuana, meriting a base offense level of thirty-two because Lowe was in Criminal History Category I. Two separate enhancements of two levels each were added to his sentence for possession of a firearm and for Lowe's aggravating role in the conspiracy. Lowe's PSR recommended 151 months of incarceration. At sentencing on December 6, 1993, the district court departed downward by four levels for substantial assistance, a three level adjustment was granted for acceptance of responsibility, and Lowe received a sentence of 87 months of incarceration.

On November 1, 1995, the U.S. Sentencing Commission adopted an amendment to the marijuana plant equivalency ratios found in U.S.S.G. § 2D1.1(c). Under the new guideline, a marijuana plant is equivalent to 100 grams of marijuana. Lowe's base offense level would be 26 under the new guideline, rather than the 32 under which he was sentenced.

On April 17, 1996, Lowe moved in the district court, under 18 U.S.C. § 3582, to reduce his sentence based on the retroactive amendment to the sentencing guideline. Lowe's codefendant, Schumacher, filed a similar motion on December 12, 1995. On May 23, 1996, the district court granted Schumacher's request and denied Lowe's motion in a joint order. Lowe filed a motion for reconsideration on May 29, 1996. It was denied on July 16, 1996. Lowe timely appealed.

## II.

■ We must first determine whether we have jurisdiction over this appeal. We have on numerous occasions entertained appeals from denials of motions for reduction of sentence made under § 3582(c)(2). *See, e.g., United States v. Mullanix,* 99 F.3d 323 (9th Cir.1996). However, these cases did not discuss the issue of appellate jurisdiction, and so are not controlling on the question before us. *United States v. Morales,* 898 F.2d 99, 101–02 (9th Cir.1990). On at least one occasion we have stated, albeit without discussion, that we have jurisdiction to hear such a challenge. *United States v. Townsend,* 98 F.3d 510, 511 (9th Cir.1996). However, the appeal in *Townsend* raised only questions of law—whether an amendment to a guideline effected a change in the sentence applicable to Townsend, and whether Townsend was entitled to counsel and an evidentiary hearing for his § 3582(c)(2) motion. Lowe's appeal, in contrast, challenges the district court's exercise of its discretionary power to determine whether Lowe was entitled to reduction of sentence. As will be explained below, this distinction is significant; the nature of Lowe's challenge leads us to conclude that we lack jurisdiction to entertain it.

Lowe made his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), which authorizes the district court to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court may in its discretion reduce the sentence "after considering the factors set forth in [18 U.S.C. § 3553(a) ] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The district court denied Lowe's motion after applying the relevant factors and concluding that Lowe was not entitled to a reduction of sentence.

Our jurisdiction to review sentencing decisions comes from 18 U.S.C. § 3742(a), which provides that a defendant may seek review of an otherwise final sentence if the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range . . .; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a); *Townsend,* 98 F.3d at 511; *Morales,* 898 F.2d at 101.

Because there was a sentencing guideline applicable to Lowe's offense, and because the district court sentenced within the then-ap-

plicable guideline range, subsections (3) and (4) cannot confer jurisdiction over this appeal. Lowe argues that we have jurisdiction pursuant to subsections (1) and (2) because the district court abused its discretion in determining that Lowe was not entitled to the requested reduction.

The Government contends that such an exercise of jurisdiction is foreclosed by our decision in *Morales*. In *Morales*, we held that we lack jurisdiction to review a district court's discretionary decision not to depart downward from the Sentencing Guidelines. *Morales*, 898 F.2d at 102. The Government argues that, like the discretionary decision not to depart downward, the district court's discretionary decision not to reduce a sentence after a guideline amendment is beyond appellate review.

*Morales* does not compel this result. Our conclusion in that case was premised upon principles of statutory construction. We declined to read § 3742(a)(1) or (2) to authorize appeals from downward departure decisions when Congress had specifically in subsection (3) authorized appeals from upward departure decisions, because such a construction would render subsection (3) superfluous. *Morales*, 898 F.2d at 102. But to read § 3742 to authorize appellate review of a district court's refusal to reduce a sentence would lead to no such untoward result, because there is no provision in the statute that would be rendered superfluous by such a construction.

However, we expanded the scope of *Morales* in our subsequent decision in *United States v. Reed*, 914 F.2d 1288 (9th Cir.1990). In *Reed*, we held that § 3742 did not authorize an appeal of a district court's decision to sentence a defendant at a particular place within the applicable guideline range. Relying on *Morales*, we reasoned that "none of the subparts of section 3742(a) characterizes a district court's discretionary decision to sentence at a particular place within the applicable guideline range." *Id.* at 1290.[1] We noted that the only limit on the district

court's discretion was found in § 3553(a), which requires the district court to apply certain factors and then "impose a sentence sufficient, but not greater than necessary to comply with the statutory purpose of sentencing." We concluded that, given the sentencing court's discretion, so long as the district court sentenced somewhere in the appropriate range, it did not sentence "in violation of law" or "as a result of an incorrect application of the sentencing guidelines." Upon so concluding, we affirmed the sentence. *Id; see also United States v. Dixon*, 952 F.2d 260, 262 (9th Cir.1991).

Like the district court's decision to sentence at a particular point within the applicable guideline range, the district court's discretionary decision whether to reduce a sentence under § 3582(c)(2) is constrained only by the requirement that the court consider the factors enumerated in § 3553(a), together with any relevant policy statements of the Sentencing Commission. Our conclusion in *Reed*, that the district court's exercise of such discretion is not reviewable under § 3742(a)(1) or (2), compels the same result in this case.

■ We hold that § 3742 does not authorize an appeal that challenges a district court's discretionary decision not to reduce a sentence under § 3582(c)(2), and dismiss Lowe's appeal for want of appellate jurisdiction.

**DISMISSED.**

---

1. The *Reed* court did not mention that the *Morales* holding was premised upon principles of statutory construction, nor did the court analyze the question whether those principles compelled

or supported the result it reached in that case. Nevertheless, we are bound by the *Reed* court's reading of *Morales*.