**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Melvin WARE, Defendant–Appellant.**

**No. 98–56414.**
**D.C. No. CV–96–07572–RF**
**CR–91–00117–ER.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2001*.

Decided July 9, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Ware's request for oral argument.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

## MEMORANDUM**

■ Melvin Ware appeals pro se the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 121–month prison sentence imposed following his conviction for possession and distribution of cocaine, 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 18 U.S.C. § 3742,[1] and we affirm.

## DISCUSSION

■ Ware contends that the district court erred by refusing to reduce his sen-

tence based on Amendment 439 to the Sentencing Guidelines regarding the definition of "relevant conduct." We disagree. The guidelines specifically limit which amendments retroactively apply on a motion under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(c), comment (n.1); *United States v. Cruz–Mendoza*, 147 F.3d 1069, 1073 (9th Cir.), *amended by* 163 F.3d 1149 (9th Cir. 1998). Accordingly, an amendment not listed in § 1B1.10(c) is not retroactively applicable in a § 3582 motion. *See United States v. Cueto*, 9 F.3d 1438, 1440–41 (9th Cir.1993). Because § 1B1.10(c) does not include Amendment 439, the district court did not err by refusing to apply it to Ware's sentence.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We reject the Government's contention that we lack jurisdiction. The appeal is not moot because a reduced sentence would in turn shorten the statutorily mandated term of supervised release that Ware is currently serv-

ing. *See United States v. Smith*, 991 F.2d 1468, 1470 (9th Cir.1993). Although we have held that we lack jurisdiction under § 3742 to review a district court's discretionary decision not to reduce a sentence under § 3582(c)(2), *see United States v. Lowe*, 136 F.3d 1231, 1233 (9th Cir.1998), we have jurisdiction here because the district court ruling was one of law and not discretion, *see id.* at 1232.