**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darrell Ray ROBINS, Defendant–Appellant.**

**Nos. 00–50483, 01–50254.**

**D.C. No. CR–89–00332–SVW.**

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 11, 2002.*

Decided March 21, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM**

Darrell Ray Robins appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his 262–month sentence imposed following his jury trial conviction for two counts of conspiracy to distribute cocaine base and two counts of distribution of cocaine base, in violation of 18 U.S.C. §§ 841 and 846. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.[1]

We review the denial of a § 3582 motion for abuse of discretion. *See United States v. Townsend,* 98 F.3d 510, 511 (9th Cir. 1996) (per curiam). It is an abuse of discretion if the district court failed to apply the correct law, or rested its decision on clearly erroneous findings of material fact. *See United States v. Sprague,* 135 F.3d 1301, 1304 (9th Cir.1998).

Robins claimed that he was entitled to a sentence reduction pursuant to Amendment 484 of the sentencing guidelines because the weight of the confiscated drug decreased when it "somehow changed from a solid powder state to a liquid state" while in evidence storage. The district court concluded that Amendment 484 was not a basis for decreasing Robins' sentence because he failed to satisfy his burden of proof. *See Sprague,* 135 F.3d at 1307. The district court's conclusion was proper. *See Townsend,* 98 F.3d at 513.

Robins also claimed that his sentence should be reduced because if Amendment 487's definition of "crack cocaine" was in effect at the time of his sentencing, he would have been sentenced under the "cocaine powder" guideline, not the "crack" guideline. Amendment 487 by its terms was not retroactive and therefore not applicable to Robins. *See* U.S.S.G. §§ 1B1.10(a), (c), and n. 1.

**AFFIRMED.[2]**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We disagree with the government's assertion that we lack jurisdiction. Indeed, we lack jurisdiction to review a discretionary decision not to reduce a sentence under § 3582(c)(2). *See United States v. Lowe,* 136 F.3d 1231, 1233 (9th Cir.1998). However, we have jurisdiction in this case because the district court's decision was one of law, not discretion. *See id.* at 1232.

2. We do not consider the other issues raised in Robins' briefs because they were not properly presented to the district court for consideration in the first instance. *See United States v. Flores–Payon,* 942 F.2d 556, 558–60 (9th Cir.1991). Moreover, the issues raised by Robins are not relevant to a motion under § 3582(c)(2).