**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Sharon Denise BROWN, Defendant–
Appellant.**

No. 01–10223.
D.C. No. CR–92–00570–EJG.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Sharon Denise Brown, a federal prisoner, appeals the denial of her motion to reduce her 147–month sentence imposed

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

following her guilty plea conviction for multiple armed bank robberies, in violation of 18 U.S.C. §§ 2113(a), (d), and 924(c). We lack jurisdiction, and dismiss.

Brown contends that Amendment 591 to the Sentencing Guidelines retroactively invalidated all upward adjustments to her base offense level. She is mistaken. Amendment 591 requires reference to the statutory index for the offense of conviction in order to determine the defendant's base offense level, and does not forbid adjustments based on relevant conduct. *See* U.S.S.G. Amendment 591 (2000) (deleting § 1B1.2, comment. (n.3) and moving consideration of "actual conduct" to U.S.S.G. § 1B1.3 (Relevant Conduct)). Brown was sentenced based on the proper base offense level for armed robbery.

The district court ruled that even if Amendment 591 applied and made Brown's sentence subject to modification, in an exercise of its discretion, it would decline to reduce her sentence. We lack jurisdiction to review this discretionary denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). *See United States v. Lowe*, 136 F.3d 1231, 1233 (9th Cir.1998).

DISMISSED.