**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

OWEN DUNN,
*Defendant-Appellant*.

No. 12-10388

D.C. No.
3:08-cr-00889-
WHA-1

OPINION

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted
June 13, 2013—San Francisco, California

Filed September 6, 2013

Before: Diarmuid F. O'Scannlain and Milan D. Smith, Jr.,
Circuit Judges, and Michael M. Anello, District Judge.[*]

Opinion by Judge Milan D. Smith, Jr.;
Concurrence by Judge O'Scannlain

---

[*] The Honorable Michael M. Anello, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

## SUMMARY[**]

---

### Criminal Law

Affirming the district court's denial of a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2), the panel held that this court has jurisdiction to review § 3582(c)(2) discretionary decisions under *United States v. Colson*, 573 F.3d 915 (9th Cir. 2009), which is not "clearly irreconcilable" with *Dillon v. United States*, 130 S. Ct. 2683 (2010).

The panel also held that the district court did not abuse its discretion in denying the defendant's motion for reduced sentence because it properly considered the factors under 18 U.S.C. § 3553(a) and relied on facts supported by the record.

Specially concurring, Judge O'Scannlain wrote that the federal courts have no power to hear re-sentencing appeals based solely on the contention that the district court's determination was unreasonable, and that the defendant's claim survives only because of this circuit's erroneous precedents.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Mark Goldrosen (argued), San Francisco, California, for Defendant-Appellant.

Merry Jean Chan (argued), Assistant United States Attorney; Melinda Haag, United States Attorney; Barbara J. Valliere, Chief, Appellate Division, Assistant United States Attorney, San Francisco, California, for Plaintiff-Appellee.

**OPINION**

M. SMITH, Circuit Judge:

Owen Dunn appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). Dunn is currently serving a 100-month prison sentence for a crack cocaine offense. He unsuccessfully moved for a 17-month reduction of this sentence under § 3582(c)(2) based on retroactive amendments to the United States Sentencing Guidelines (USSG) that lowered the penalties for crack cocaine offenses. The Government argues that *Dillon v. United States*, 130 S. Ct. 2683 (2010), compels us to dismiss this appeal for lack of jurisdiction.

We hold that we have jurisdiction to review § 3582(c)(2) discretionary decisions under *United States v. Colson*, 573 F.3d 915 (9th Cir. 2009), which is not "clearly irreconcilable" with *Dillon. Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). We also hold that the district court did not abuse its discretion in denying Dunn's motion for a reduced sentence because it properly considered the

factors under 18 U.S.C. § 3553(a) and relied on facts supported by the record. Accordingly, we affirm.

## FACTS AND PRIOR PROCEEDING

In March 2008, while still on supervised release for a firearm offense,[1] Dunn sold approximately 18 grams of crack cocaine to a government agent near a playground in San Francisco, California. Dunn was later arrested and charged with distribution and possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and distribution and possession with intent to distribute crack cocaine within 1,000 feet of a public housing facility, in violation of 21 U.S.C. § 860(a).

### A.  Dunn's Crack Cocaine Sentence

Dunn entered into a plea agreement with the Government and pleaded guilty to the crack cocaine charge. In the plea agreement, Dunn and the Government agreed to propose a 84-month prison sentence, with 8 years of supervised release. The parties agreed that Dunn's base offense level was 23, but they did not specify a criminal history category.[2] The parties separately agreed that Dunn would serve a 16-month consecutive sentence for his supervised release violation, which was pending before Judge Maxine Chesney, in Case No. CR-01-0083.

---

[1] In 2002, Dunn pleaded guilty to a firearm charge, and was sentenced to 78 months in prison and 36 months of supervised release.

[2] The Government later stated in its sentencing memorandum that it had miscalculated the criminal history category to be V instead of VI, but that it intended to honor its 84-month agreement with Dunn.

The Probation Officer disagreed with the proposed 84-month sentence. He calculated a total offense level of 23 and a criminal history category of VI, which corresponded to the Guidelines range of 92 to 115 months in prison. With that calculation in mind, the Officer recommended 100 months in prison and 8 years of supervised release.

In December 2009, the district judge sentenced Dunn to 100 months in prison and 8 years of supervised release. The judge rejected the plea agreement's proposed 84 months of incarceration and concurred with the Probation Officer's recommendation, stating that "100 months is the overall right total." Tr. Mot. Proceeding (Dec. 15, 2009), at 11:12. He also stated that he was taking into account the 16-month sentence for Dunn's supervised release violation, and that he wanted to ensure Dunn serve that amount of time in the event Judge Chesney chose to impose a lesser sentence. Because the district judge rejected the parties' agreed-upon sentence, he gave Dunn the option of moving to set aside his guilty plea within six weeks if he objected to the combined sentence. Judge Chesney later imposed a 16-month sentence to run concurrently with Dunn's 100-month sentence in this case, thereby leaving Dunn's total sentence intact. Dunn did not move to withdraw his guilty plea.

## B.  Motion for Sentence Reduction

In August 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111-220, 124 Stat. 2372, which modified the penalties for crack cocaine offenses to remedy sentencing disparities between crack and powder cocaine. *Freeman v. United States*, 131 S. Ct. 2685, 2694 (2011). In November 2010, the Sentencing Commission implemented Amendment 748, which revised the penalties for crack

cocaine offenses. The Commission also implemented Amendment 750, which rendered Amendment 748's changes permanent and made Amendment 750 retroactive, effective November 1, 2011. Amendment 748 lowered the offense levels for crack cocaine offenses stated in USSG § 2D1.1 for various quantities of crack cocaine. As applied to Dunn's offense, the amended Guidelines range is 77 to 96 months.

In light of the FSA amendments, Dunn moved to reduce his crack cocaine sentence under 18 U.S.C. § 3582(c)(2) in June 2012. He requested a 17-month reduction based on the amended Guidelines and the discretionary factors under 18 U.S.C. § 3553(a). Specifically, Dunn argued that factors favoring a reduced sentence included his educational activities while in prison, transfer from a high to medium-security prison, his acceptance of responsibility, and his willingness to be a kidney donor to his brother, among others. The Probation Officer acknowledged that Dunn was eligible to have his sentence reconsidered, but he nevertheless recommended against reducing Dunn's sentence. The Government agreed that Dunn was eligible for a reduced sentence, but opposed a reduction for the reasons stated by the Probation Officer. In July 2012, the district court denied Dunn's motion. Dunn timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to consider whether appellate jurisdiction exists. *Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010). We review § 3582(c)(2) sentence reduction decisions for abuse of discretion. *Colson*, 573 F.3d at 916. "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous

finding of material fact." *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010) (citation and quotes omitted).

## DISCUSSION

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A district court then "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Supreme Court has clarified that § 3582(c)(2) requires a two-step inquiry. *Dillon*, 130 S. Ct. at 2691. First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10.[3] *Id.* Second, a district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted

---

[3] USSG § 1B1.10 instructs district courts first to ascertain whether a prisoner is eligible for a sentence reduction by "'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 130 S. Ct. at 2691 (quoting § 1B1.10(b)(1)). Section 1B1.10 also imposes a sentencing floor so that a district court "generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (quoting § 1B1.10(b)(2)(A)); *see also United States v. Fox*, 631 F.3d 1128, 1131 (9th Cir. 2011).

in whole or in part under the particular circumstances of the case." *Id.* at 2692.

## I.   Jurisdiction

We must first decide whether we have jurisdiction to review the district court's denial of Dunn's motion for a § 3582(c)(2) sentence reduction.    In making this determination, we are bound by *United States v. Colson*, which held that § 3582(c)(2) sentence reduction decisions are reviewable in their entirety for abuse of discretion under 28 U.S.C. § 1291.   573 F.3d at 916.   In *Colson*, we applied *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc), which each held that any element of a sentencing decision, whether discretionary or not, may be unreasonable, and therefore unlawful. *Id.*  *Colson* overruled our prior decision in *United States v. Lowe*, 136 F.3d 1231, 1233 (9th Cir. 1998), holding the contrary.

The Government argues that this case should be dismissed for lack of jurisdiction in light of the Supreme Court's 2010 decision in *Dillon v. United States*.  In support of its position, the Government primarily relies on *United States v. Bowers*, 615 F.3d 715 (6th Cir. 2010), for the proposition that under *Dillon*, there is no appellate jurisdiction to review discretionary § 3582(c)(2) decisions for reasonableness. In *Bowers*, the Sixth Circuit held that "[b]ecause the [*Dillon*] Court has recently clarified that *Booker* does not apply to . . . sentence reduction proceedings [under § 3582(c)(2)]," it "lack[ed] jurisdiction to hear a defendant's appeal of the grant or denial of a sentence reduction pursuant to those sections on *Booker* 'reasonableness' grounds." *Bowers*, 615 F.3d at 717. Dunn counters that since *Dillon*, we have implicitly found

jurisdiction to review § 3582(c)(2) discretionary decisions. Both arguments miss the mark.

Dunn is correct that since *Dillon*, we have implicitly asserted jurisdiction under 28 U.S.C. § 1291. *See, e.g.*, *United States v. Sykes*, 658 F.3d 1140, 1144 (9th Cir. 2011); *Lightfoot*, 626 F.3d at 1093. But these cases do not resolve the question of our jurisdiction because they did not expressly discuss the issue. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1448 (2011) ("When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed."); *United States v. Morales*, 898 F.2d 99, 101–02 (9th Cir. 1990) ("We are . . . not bound by the implicit assertion of jurisdiction but rather we must consider the issue anew.").

Nor may we look to *Bowers*, a Sixth Circuit opinion, as the Government advocates. Rather, under the rule of interpanel accord, we must follow *Colson* unless there is intervening Supreme Court authority or en banc authority to the contrary. *United States v. Rodriguez-Lara*, 421 F.3d 932, 943 (9th Cir. 2005). In *Miller v. Gammie*, we clarified the law on "the sometimes very difficult question of when a three-judge panel may reexamine normally controlling precedent in the face of an intervening United State Supreme Court decision." 335 F.3d at 892. We held that "where the reasoning or theory of our prior circuit authority is *clearly irreconcilable* with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled." *Id.* at 893 (emphasis added). "It is not enough for there to be 'some tension' between the intervening higher

authority and prior circuit precedent, or for the intervening higher authority to 'cast doubt' on the prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (citations omitted). Rather, "[t]he intervening higher precedent must be 'clearly inconsistent' with the prior circuit precedent." *Id.* (citation omitted). Although the circuit opinion need not be expressly overruled by the Supreme Court, both the circuit and Supreme Court cases must be "closely on point." *Miller*, 335 F.3d at 899 (citations and quotes omitted).

As applied to this case, the pertinent inquiry is whether the reasoning or theory of *Dillon* regarding the extension of *Booker* to § 3582(c)(2) proceedings is clearly irreconcilable with *Colson*. We conclude that *Dillon* does not clearly conflict with *Colson* because: (1) *Dillon* is not "closely on point" with regard to the jurisdictional question at issue, and (2) *Dillon* does not revise the reasonableness standard under *Booker*.

First, the question before the Supreme Court in *Dillon* was whether a district court could treat as advisory the mandatory minimum sentence under USSG § 1B1.10 in a § 3582(c)(2) proceeding. *Dillon*, 130 S. Ct. at 2687. The district court had reduced the defendant's post-conviction sentence under § 3582(c)(2) to a term at the bottom of the relevant Guidelines range, but no further. *Id.* at 2689–90. The district court found *Booker*'s holding inapplicable to a § 3582(c)(2) proceeding, and held that it lacked authority to impose a sentence inconsistent with USSG § 1B1.10. *Id.* at 2690. The Third Circuit affirmed, holding that § 1B1.10 was binding. *Id.* On petition to the Supreme Court, Dillon argued that a resentencing under § 3582(c)(2) is equivalent to any other resentencing, and urged the Court to apply the same

reasoning in *Booker* to render the mandatory language under § 1B1.10 advisory. *Id.* The Court disagreed, clarifying that a § 3582(c)(2) proceeding is "not a plenary resentencing," but a "limited adjustment," which "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id.* at 2691, 2692. The Court concluded that "Dillon's Sixth Amendment rights were not violated by the District Court's adherence to the instruction in § 1B1.10 to consider a reduction only within the amended Guidelines range." *Id.* at 2692.

Thus, the Court's reasoning and holding in *Dillon* were confined to the first step in a § 3582(a)(2) analysis—the eligibility prong—which mandates imposing a sentencing minimum under USSG § 1B1.10. The Court did not, however, deal with the second step—the discretionary prong—the application of § 3553(a) factors. Here, Dunn argues that the district court abused its discretion in declining to reduce his sentence, not that it found him ineligible for a reduced sentence, misapplied the sentencing minimum, or should have amended his sentence to below the minimum. Accordingly, because *Dillon* did not resolve the jurisdictional issue at hand, it is not "closely on point" with *Colson*. *Miller*, 335 F.3d at 899; *Lewis v. Ayers*, 681 F.3d 992, 997 n.3 (9th Cir. 2012).[4]

Second, the *Dillon* Court's reasoning is not clearly irreconcilable with *Colson*'s rationale. In holding that the amended Guidelines are binding under USSG § 1B1.10, the

---

[4] In addition, while the Supreme Court expressly rejected our decision in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), *see Dillon*, 130 S. Ct. at 2693, neither the parties nor the Court invoked *Colson*.

*Dillon* Court clarified that § 3582(c)(2) proceedings are not plenary resentencings, but are limited in scope and purpose. The question then is whether § 3582(c)(2) reductions, viewed as "limited adjustments," also compel the holding that these reductions cannot be reviewed for reasonableness at step two, as *Booker* mandates. The Government does not explain how *Booker*'s holding forecloses review of discretionary decisions under § 3582(c)(2). To the contrary, the *Booker* Court emphasized that any element of a sentencing, whether discretionary or not, may be reviewed for reasonableness under an abuse of discretion standard—the rationale that we applied in *Colson*. *See Booker*, 543 U.S. at 260–62; *Gall v. United States*, 552 U.S. 38, 46 (2007) ("As a result of our [*Booker*] decision, the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.' Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."); *accord Carty*, 520 F.3d at 993 (clarifying that in the wake of *Booker* "[a]ppellate review is to determine whether the sentence is reasonable; only a procedurally erroneous or substantively unreasonable sentence will be set aside").

Although § 3582(c)(2) proceedings may not be plenary resentencings under *Dillon*, the adjustments to a sentence are constitutive elements of a sentence. Because original sentences may be reviewed for reasonableness based on the § 3553(a) factors, then sentence reductions—based on those same factors—are also reviewable for reasonableness. Indeed, in discussing the two-step analysis under § 3582(c)(2), the *Dillon* Court emphasized that "[b]ecause reference to § 3553(a) is appropriate only at the second step

of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Dillon*, 130 S. Ct. at 2692. The implication here is that a court's discretionary decision under the § 3553(a) factors, at step two, *exceeds* the limited scope of a resentencing "adjustment" applicable to step one. Therefore, we conclude that the Court's holding in *Dillon* regarding whether mandatory provisions under USSG § 1B1.10 are nonbinding does not disturb its prior holdings in *Booker* and its progeny regarding the reasonableness review.[5]

## II. The Merits of Dunn's Appeal

There is no dispute that Dunn was eligible for consideration of a sentence reduction, and that the amended sentencing range for his crack offense was 77 to 96 months. Dunn, however, challenges the district court's discretionary decision not to grant him a 17-month reduction. Dunn argues that a sentence reduction is warranted by the § 3553(a) factors[6]—specifically: (1) his acceptance of responsibility,

---

[5] *United States v. Bowers*, 615 F.3d 715 (6th Cir. 2010), a decision from our sister circuit, is not intervening higher authority, and thus does not control our analysis. *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1019 (9th Cir. 2006). We also note that while the Sixth Circuit identified § 3742(a) as the source of appellate jurisdiction, *Bowers*, 615 F.3d at 720–22, in *Colson*, we relied on the broader grant of jurisdiction under 28 U.S.C. § 1291. Thus, *Bowers* is not relevant to the issue of whether § 3582(c)(2) decisions are reviewable under 28 U.S.C. § 1291.

[6] Section 3553(a) factors "include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need

(2) the relatively small amount of crack cocaine (18 grams) and lack of weaponry and violence involved, and (3) his willingness to donate a kidney to his ailing brother. Dunn contends that the district court erred in relying on his criminal history because it was already fully accounted for by the amended Guidelines calculations. He further maintains that the district court unreasonably ignored his rehabilitation efforts in prison and transfer from a high to medium-security prison, while focusing instead on his two discipline violations. Finally, Dunn argues that his supervised release penalty did not justify denying him a reduced sentence.

But Dunn fails to show how the district court applied the wrong law or relied on clearly erroneous findings of material fact. The district court properly cited the factors under § 3553(a), and considered those applicable to Dunn's case, as well as the facts it relied on in reaching its decision. *See Carty*, 520 F.3d at 992. An analysis under § 3553(a) involves considering the totality of the circumstances, but "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them." *Id*. "We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines." *Id.* No one factor should be given more or less weight than any other. *Id.* at 991.

Here, the district court considered Dunn's extensive criminal history, "including juvenile convictions for petty theft, possession of a controlled substance, escape from a juvenile facility, and possession or purchase of cocaine for s[ale]," as well as "adult convictions [for] unlawful sexual

---

to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

intercourse with a minor, inflicting corporeal injury on a spouse, escape from jail, and . . . possession of a firearm." The court also cited the Probation Officer's assessment of Dunn's volatile temperament and two disciplinary incidents in prison. The court further took into account Dunn's numerous certificates of completed courses related to anger management, continuing education, cartoon drawing, drug education, and self-awareness; his transfer from a high to medium-security prison; and his willingness to donate a kidney to his brother. The court observed that Dunn "has a persistent, violent, and lengthy criminal history, including disciplinary incidents within the last year of incarceration," and while it found Dunn's work during incarceration commendable, it concluded that "the safety of the community is best protected by the defendant serving the entirety of his original sentence." The court added that the original sentence was needed "to afford adequate deterrence." The court explained that "[w]hile the situation with defendant's brother is sad, at this point, it is not clear that defendant is an acceptable donor or that serving the original 100-month sentence would prevent him from serving as a donor." The district court thus provided a reasoned explanation as to why it declined to reduce Dunn's sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *Carty*, 520 F.3d at 992. *But cf. Trujillo*, 713 F.3d at 1010, 1011 (holding the district court's denial of a § 3582(c)(2) motion was legal error for its "total omission" in addressing defendant's nonfrivolous arguments under the § 3553(a) factors).

Dunn does not point to any evidence controverting the accuracy of the facts relied on by the district court in reaching its conclusion. Nor is there any indication that the district court gave certain § 3553(a) factors greater consideration than others. Rather, the district court presented a balanced account of both positive and negative factors, and provided sufficient explanation for why it denied Dunn a reduced sentence. While reasonable jurists might disagree as to whether Dunn's positive factors warranted a reduced sentence, mere disagreement does not amount to an abuse of discretion.

The district court further noted that Dunn's criminal history placed him in category VI, resulting in an advisory Guidelines range of 92 to 115 months and a reduced range of 77 to 96 months. While Dunn is correct that his criminal history is already integrated in the sentencing calculus, there is nothing under § 3553(a), or any other provision, which barred the district court from considering a prisoner's criminal history in making its decision under § 3582(c)(2). In fact, § 3553 expressly instructs district courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," along with the "the kinds of sentence and sentencing range established." 18 U.S.C. §§ 3553(a)(1), (4). Section 3553(a)(1) would include a prisoner's criminal history. There is nothing in the statute to suggest that, in deciding whether to grant or deny a reduced sentence, a district court cannot consider the defendant's criminal history even though it was reflected in his sentencing range. Rather, it is merely one factor in the totality of the circumstances a district court must consider.

The district court also did not abuse its discretion when it took into account Dunn's supervised release penalty as part of the totality of the circumstances. Dunn's original 100-

month sentence incorporated his 16-month sentence for his supervised release violation. Thus, Dunn's actual sentence for his crack cocaine offense is 84 months—what the parties agreed upon in the plea agreement, based on the Government's admitted miscalculation of Dunn's criminal history category—and already within the amended 72-to-96 month Guidelines range. However, the district court emphasized that "100 months is the overall right total," in light of the Probation Officer's proper calculation of Dunn's criminal history category and consideration of § 3553(a) factors. In declining to reduce Dunn's sentence, the district court appropriately noted that Dunn had already received the benefit of the Government's error in miscalculating the Guidelines range based on the mistaken belief that his criminal history category was V, instead of VI. Dunn now requests a 17-month reduction to his combined sentence, or 83 months. To grant Dunn the requested reduction would mean, in actuality, that he would serve a 67-month crack cocaine sentence[7]—a sentence that would fall below the binding minimum of the amended 77-to-96 month Guidelines range. *See Dillon*, 130 S. Ct. at 2691; USSG § 1B1.10(b)(2)(A).

## CONCLUSION

For the foregoing reasons, we affirm the district court's decision to deny Dunn's motion for a reduced sentence under § 3582(c)(2).

**AFFIRMED.**

---

[7] This is calculated by subtracting 17 months (the reduction Dunn requests) from 84 months (the original 100-month sentence minus the 16-month supervised release penalty).

O'SCANNLAIN, Circuit Judge, specially concurring.

I write separately because Owen Dunn's case should not be before us. "The right of appeal, as we presently know it in criminal cases, is purely a creature of statute." *Abney v. United States*, 431 U.S. 651, 656 (1977). I fear the creature has wandered far outside its cage in this circuit. A proper analysis of the statutory framework and Supreme Court precedent regarding re-sentencing appeals makes one thing clear: the federal courts have no power to hear such appeals based solely on the contention that the district court's determination was unreasonable.[1]  Yet, that is precisely the basis of Dunn's appeal.

Dunn's claim survives only because of this circuit's erroneous precedents, but not all courts of appeal have similarly erred. The Sixth Circuit's opinion in *United States v. Bowers*, 615 F.3d 715 (6th Cir. 2010), rightly concluded that jurisdiction over re-sentencing appeals does not include review for reasonableness. *Bowers* presents this Court with a guide and a challenge: a guide to a proper understanding of our power; a challenge to accept the limits of it. I hope that our Court will soon have the opportunity to reconsider our re-sentencing precedents en banc and follow *Bowers*'s lead.

I

Owen Dunn pled guilty to distribution and possession with intent to distribute five grams or more of crack cocaine. In light of the recent changes to the federal Sentencing Guidelines for crack cocaine offenses, *United States v.*

---

[1] "Re-sentencing appeals" refers to 18 U.S.C. § 3582(c)(2) proceedings unless context indicates otherwise.

*Pleasant*, 704 F.3d 808, 809–10 (9th Cir. 2013), Dunn moved the district court for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied his motion, and he appealed to this Court.

## II

### A

Appeals from "otherwise final sentences" are governed by 18 U.S.C. § 3742(a). *Bowers*, 615 F.3d at 718–19. Our circuit long ago held that § 3582(c)(2) re-sentencing determinations come within that statute. *See United States v. Lowe*, 136 F.3d 1231, 1232 (9th Cir. 1998), *overruled on other grounds by United States v. Colson*, 573 F.3d 915, 916 (9th Cir. 2009). To appeal under § 3742(a), a criminal defendant must make one of four claims.[2]

---

[2] 18 U.S.C. § 3742(a) states:

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or

Dunn asserts none of them. He does not have to because our decision in *United States v. Colson* held that we have independent jurisdiction over re-sentencing appeals under 28 U.S.C. § 1291. 573 F.3d at 916. Section 1291, unlike § 3742(a), does not limit the grounds on which a criminal defendant can appeal. Thus, invoking *Colson*, Dunn argues that the district court acted unreasonably when it refused to lower his sentence, but he does not try to fit this claim within a statutorily recognized basis for appeal under § 3742(a).

One might think that if Congress provided a narrow jurisdictional statute for re-sentencing appeals, it meant to foreclose jurisdiction under a broader one. Our precedents regarding sentencing determinations under Rule 35(b) are consistent with that reasoning.[3] *See United States v. Arishi*, 54 F.3d 596, 599 (9th Cir. 1995). *Arishi* "concluded that a criminal defendant could not use § 1291 to circumvent § 3742's requirements for appealing a Rule 35 decision." *United States v. Doe*, 374 F.3d 851, 853 (9th Cir. 2004). "Section 3582(c)(2) determinations are not distinguishable from Rule 35(b) determinations in any relevant respect." *Bowers*, 615 F.3d at 722. Just as permitting appeal of Rule 35(b) determinations under § 1291 would "circumvent the conditions imposed by 18 U.S.C. § 3742 for appealing

---

supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

[3] Rule 35(b) allows courts to reduce a sentence for "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b).

otherwise final sentences," *United States v. Hartwell*, 448 F.3d 707, 712 (4th Cir. 2006), allowing appeal of § 3582(c)(2) decisions under § 1291 makes § 3742(a) superfluous in re-sentencing appeals like Dunn's.

Yet *Colson*, without bothering to acknowledge these relevant precedents and weighty concerns, asserted that re-sentencing appeals arise under § 1291. 573 F.3d at 916. Thus, our circuit departed from the clear implications of Congress's decision to restrict appellate review under § 3742(a), implications that our Rule 35(b) precedents have long recognized.

## B

Compounding the problem, our precedents are in deep tension with the Supreme Court's decision in *United States v. Dillon*, *supra*. In *United States v. Booker*, the Supreme Court held the mandatory nature of the federal Sentencing Guidelines unconstitutional because sentences were imposed that "exceed[ed] the maximum authorized by the facts established by a plea of guilty or a jury verdict." 543 U.S. 220, 244 (2005). Such constitutional determination led to the "remedial" holding that the Guidelines were advisory and that sentencing proceedings were reviewable for "unreasonableness" on appeal. *Id.* at 264.

*Colson* relied on *Booker*'s remedial holding to rule that courts can review re-sentencing determinations for reasonableness under § 1291. 573 F.3d at 916. But *Dillon* refused to apply *Booker* to such determinations: "Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*." 130 S. Ct. at 2692. If *Booker*'s

unreasonableness standard does not apply to re-sentencing proceedings under § 3582(c)(2), then Dunn's appeal—which is based entirely on the alleged unreasonableness of the district court's decision—fails to state a claim.

Thus, our jurisdiction over Dunn's case is directly implicated. If, as I believe, § 3742(a) is the exclusive basis for jurisdiction over re-sentencing appeals, then Dunn must assert one of the four recognized claims. His only plausible claim, as he concedes, is § 3742(a)(1), which permits appeals from re-sentencing proceedings "in violation of law." The "law" that the district court allegedly violated was *Booker*'s command that sentences be reasonable: "*Booker*, after all, [i]s now 'law.'" *Bowers*, 615 F.3d at 725. But as *Bowers* pointed out, because *Dillon* makes *Booker* inapplicable to re-sentencing proceedings under § 3582(c)(2), unreasonable re-sentencing determinations are no longer violations of law. *Id.* at 727. I suggest that, under a proper understanding of the relevant jurisdictional statutes and Supreme Court precedent, we have no jurisdiction to hear Dunn's appeal.

III

Nonetheless, I join the panel's opinion because we are indeed bound by *Colson* unless *Dillon* is "clearly irreconcilable" with that case. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc); *see also id.* at 902 (O'Scannlain, J., concurring in part) (stating that en banc review was required where intervening higher authority had not "clearly undermined" circuit precedent). The panel's opinion makes plausible arguments why *Dillon* does not meet that high standard.

*Colson* relies on § 1291 for jurisdiction over re-sentencing appeals, and although I believe that *Dillon* narrowed the scope of jurisdiction for appeals under § 3742(a), that is irrelevant if § 1291 supplies an alternative basis for jurisdiction. Moreover, although I believe the most faithful interpretation of *Dillon* would lead an en banc panel to overturn *Colson*, the majority opinion makes a plausible argument why *Dillon* permits *Booker*'s reasonableness test to apply to Dunn's case. *See* Maj. Op. at 10–13. Under our circuit's high standard for abrogation, *Colson* remains good law, and our three-judge panel properly exercised jurisdiction over Dunn's appeal under the circumstances.