O’SCANNLAIN, Circuit Judge,
specially concurring.
I write separately because Owen Dunn’s case should not be before us. “The right of appeal, as we presently know it in criminal cases, is purely a creature of statute.” Abney v. United States, 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). I fear the creature has wandered far outside its cage in this circuit. A proper analysis of the statutory framework and Supreme Court precedent regarding re-sentencing appeals makes one thing clear: the federal courts have no power to hear such appeals based solely on the contention that the district court’s determination was unreasonable.[1] Yet, that is precisely the basis of Dunn’s appeal.
Dunn’s claim survives only because of this circuit’s erroneous precedents, but not all courts of appeal have similarly erred. *1161 The Sixth Circuit’s opinion in United States v. Boivers, 615 F.3d 715 (6th Cir. 2010), rightly concluded that jurisdiction over re-sentencing appeals does not include review for reasonableness. Bowers presents this Court with a guide and a challenge: a guide to a proper understanding of our power; a challenge to accept the limits of it. I hope that our Court will soon have the opportunity to reconsider our re-sentencing precedents en banc and follow Bowers’s lead.
I
Owen Dunn pled guilty to distribution and possession with intent to distribute five grams or more of crack cocaine. In light of the recent changes to the federal Sentencing Guidelines for crack cocaine offenses, United States v. Pleasant, 704 F.3d 808, 809-10 (9th Cir.2013), Dunn moved the district court for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied his motion, and he appealed to this Court.
II
A
Appeals from “otherwise final sentences” are governed by 18 U.S.C. § 3742(a). Bowers, 615 F.3d at 718-19. Our circuit long ago held that § 3582(c)(2) re-sentencing determinations come within that statute. See United States v. Lowe, 136 F.3d 1231, 1232 (9th Cir.1998), overruled on other grounds by United States v. Colson, 573 F.3d 915, 916 (9th Cir.2009). To appeal under § 3742(a), a criminal defendant must make one of four claims.[2]
Dunn asserts none of them. He does not have to because our decision in United States v. Colson held that we have independent jurisdiction over re-sentencing appeals under 28 U.S.C. § 1291. 573 F.3d at 916. Section 1291, unlike § 3742(a), does not limit the grounds on which a criminal defendant can appeal. Thus, invoking Col-son, Dunn argues that the district court acted unreasonably when it refused to lower his sentence, but he does not try to fit this claim within a statutorily recognized basis for appeal under § 3742(a).
One might think that if Congress provided a narrow jurisdictional statute for re-sentencing appeals, it meant to foreclose jurisdiction under a broader one. Our precedents , regarding sentencing determinations under Rule 35(b) are consistent with that reasoning.[3] See United States v. Ariski, 54 F.3d 596, 599 (9th Cir.1995). Arishi “concluded that a criminal defendant could not use § 1291 to circumvent § 3742’s requirements for appealing a Rule 35 decision.” United States v. Doe, 374 F.3d 851, 853 (9th Cir.2004). “Section 3582(c)(2) determinations are not distinguishable from Rule 35(b) determinations in any relevant respect.” Bowers, 615 F.3d at 722. Just as permitting appeal of Rule 35(b) determinations under § 1291 would “circumvent the conditions imposed *1162 by 18 U.S.C. § 3742 for appealing otherwise final sentences,” United States v. Hartwell, 448 F.3d 707, 712 (4th Cir.2006), allowing appeal of § 3582(c)(2) decisions under § 1291 makes § 3742(a) superfluous in re-sentencing appeals like Dunn’s.
Yet Colson, without bothering to acknowledge these relevant precedents and weighty concerns, asserted that re-sentencing appeals arise under § 1291. 573 F.3d at 916. Thus, our circuit departed from the clear implications of Congress’s decision to restrict appellate review under § 3742(a), implications that our Rule 35(b) precedents have long recognized.
B
Compounding the problem, our precedents are in deep tension with the Supreme Court’s decision in United States v. Dillon, supra. In United States v. Booker, the Supreme Court held the mandatory nature of the federal Sentencing Guidelines unconstitutional because sentences were imposed that “exceeded] the maximum authorized by the facts established by a plea of guilty or a jury verdict.” 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Such constitutional determination led to the “remedial” holding that the Guidelines were advisory and that sentencing proceedings were reviewable for “unreasonableness” on appeal. Id. at 264, 125 S.Ct. 738.
Colson relied on Booker’s remedial holding to rule that courts can review re-sentencing determinations for reasonableness under § 1291. 573 F.3d at 916. But Dillon refused to apply Booker to such determinations: “Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in Booker.” 130 S.Ct. at 2692. If Booker’s unreasonableness standard does not apply to re-sentencing proceedings under § 3582(c)(2), then Dunn’s appeal—which is based entirely on the alleged unreasonableness of the district court’s decision—fails to state a claim.
Thus, our jurisdiction over Dunn’s ease is directly implicated. If, as I believe, § 3742(a) is the exclusive basis for jurisdiction over re-sentencing appeals, then Dunn must assert one of the four recognized claims. His only plausible claim, as he concedes, is § 3742(a)(1), which permits appeals from re-sentencing proceedings “in violation of law.” The “law” that the district court allegedly violated was Booker’s command that sentences be reasonable: “Booker, after all, [i]s now ‘law.’ ” Bowers, 615 F.3d at 725. But as Bowers pointed out, because Dillon makes Booker inapplicable to resentencing proceedings under § 3582(c)(2), unreasonable re-sentencing determinations are no longer violations of law. Id. at 727. I suggest that, under a proper understanding of the relevant jurisdictional statutes and Supreme Court precedent, we have no jurisdiction to hear Dunn’s appeal.
Ill
Nonetheless, I join the panel’s opinion because we are indeed bound by Colson unless Dillon is “clearly irreconcilable” with that case. Miller v. Garnmie, 335 F.3d 889, 893 (9th Cir.2003) (en banc); see also id. at 902 (O’Scannlain, J., concurring in part) (stating that en banc review was required where intervening higher authority had not “clearly undermined” circuit precedent). The panel’s opinion makes plausible arguments why Dillon does not meet that high standard.
Colson relies on § 1291 for jurisdiction over re-sentencing appeals, and although I believe that Dillon narrowed the scope of jurisdiction for appeals under § 3742(a), that is irrelevant if § 1291 supplies an alternative basis for jurisdiction. Moreover, although I believe the most faithful *1163 interpretation of Dillon would lead an en banc panel to overturn Colson, the majority opinion makes a plausible argument why Dillon permits Booker’s reasonableness test to apply to Dunn’s case. See Maj. Op. at 1156-58. Under our circuit’s high standard for abrogation, Colson remains good law, and our three judge panel properly exercised jurisdiction over Dunn’s appeal under the circumstances.

. “Re-sentencing appeals" refers to 18 U.S.C. § 3582(c)(2) proceedings unless context indicates otherwise.

. 18 U.S.C. § 3742(a) states:
A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
(1) was imposed in violation of law;
(2)was imposed as a result of an incorrect application of the sentencing guidelines; of
(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6)[1] or (b)(ll) than the maximum established in the guideline range; or
(4)was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

. Rule 35(b) allows courts to reduce a sentence for “substantial assistance in investigating or prosecuting another person.” Fed. R.Crim.P. 35(b).